TILLMAN PEARSON, Judge.
The Coral Gables Police Benevolent Association, Inc., was the defendant in an action brought by William Joseph Just. The complaint claimed a right to have the Association pay an attorney’s fee incurred by the plaintiff in the defense of charges brought against him while he was a member of the Association. The cause was tried before the judge without a jury, and no witnesses were heard. A stipulated statement of facts was dictated into the record, and supporting documents were admitted without objection. The court found for the plaintiff and assessed his damages at $600. This appeal is by the Coral Gables Police Benevolent Association from that judgment.
It is urged that the trial judge misconstrued the provisions of the Association’s By-Laws which provide, under certain circumstances, for the payment of attorney’s fees incurred by a member.
The essence of the dispute is whether the By-Laws of the Association provide for an absolute right to the payment of fees or whether the right is limited by a portion of the By-Laws which provides for payment only upon the approval of an investigating committee.
The applicable provisions of the By-Laws are found in Article VIII and are as follows :
ARTICLE VIII ATTORNEY FUND (c)
“SECTION 1. EMPLOYMENT OF ATTORNEY. This Association shall have the authority through the Executive Committee to employ an attorney-at-law; said attorney shall be duly qualified and licensed to practice law in any court in the State of Florida and including all United States courts. The Executive Committee shall have drawn a contract which, in its *392 judgment, is fair and proper and submit said contract, ready for signing, to the assembly at a regular monthly meeting for consideration and action by said Assembly. A two-thirds (%) majority of the votes cast by the Assembly at such regular monthly meeting shall accept or reject said contract, a quorum being present.
“SECTION 2. DEFENSE OF ASSOCIATION. No limit amount shall be placed upon this fund for fees or costs necessary for the legal defense of this Association.
“SECTION 3. DEFENSE OF MEMBERS. Any member in good standing who may have charges filed against him by proper authority or due process of law and such charges place his City Seniority or Pension rights in jeopardy, he shall automatically he entitled to representation by an attorney and such costs incurred thereby not to exceed the sum of three hundred ($300.00) dollars if such charges are tried before the Chief of Police, Director of Public Safety, City Manager, City Commission, Municipal Court, or any other trial board provided by the City of Coral Gables for employees.
“SECTION 4. REQUEST OF MEMBERS FOR ATTORNEY. When a member makes a request for services of an attorney, the Association shall and does reserve the right to have such request investigated by a Committee, said committee shall consist of five members, the Chairman of the Complaint Committee shall act as chairman, two members shall be chosen by said member and two members shall be appointed by the President.
DUTIES OF INVESTIGATION COMMITTEE
“The duty of this committee shall be to fairly and impartially investigate said charges, and determine if said charges are brought on by some action that would be contrary to the principles of the Benevolent Association, or in the wilful disobedence of carrying out orders given to said member by a commanding officer. If said charges are found to be brought on by such action, he shall not be entitled to benefit from the Attorney Fund. The Committee shall make a written report of their finding and recommendation to the Association at the next regular meeting.” [Emphasis supplied.]
Under the stipulated facts before the trial court, it is admitted that the appellee incurred an obligation for his defense of a charge brought in the Criminal Court of Record and that he was acquitted of this charge. It is further admitted that the ap-pellee was charged before the Trial Board of the City of Coral Gables, Florida, and that the Board conducted a trial on the charges against him. The action of this Board and subsequent appeal to the City Commission of Coral Gables resulted in the reinstatement of the plaintiff with the loss of all back pay.
The appellee requested payment of a fee pursuant to Section 3 of Article VIII of the By-Laws above quoted, and in the same request designated two members of the investigating committee provided in Section 4 of Article VIII. The investigating committee determined that the charges had been a result of the member’s misconduct and recommended that the payment of the fee be refused. Thereafter, the General Assembly of the defendant-association approved and adopted the recommendation of the investigating committee.
 In entering the judgment for the payment of the fees for representation before the Criminal Court of Record and before the Trial Board, the trial judge misconstrued the evidence before him. It is an established rule in the construction of contracts that the intention of the parties must be determined by an examination of the whole contract. United States Rubber Products v. Clark, 145 Fla. 631, 200 So. 385 *393 (1941). If the clauses in the contract appear to be repugnant to each other, they must be given an interpretation which will reconcile them if possible, but if one interpretation leads to an absurd conclusion, then such interpretation must be abandoned and one adopted which accords with reason and probability. Florida Power Corp. v. City of Tallahassee, 154 Fla. 638, 18 So.2d 671 (1944); Triple E Development Co. v. Floridagold Citrus Corp., Fla.1951, 51 So.2d 435.
It appears that the interpretation of the contract by the trial court was such that the provision regarding an investigating committee was disregarded upon the basis of the use of the word “automatically” in Section 3 of Article VIII of the By-Laws. This interpretation is inconsistent with the cited cases. The judgment is therefore reversed.
Reversed.